**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| BENNIE JOHNSON, JR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-18-RWS-KNM |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Bennie Johnson, Jr., proceeding *pro se*, filed a petition for the writ of habeas corpus in 2018 challenging his conviction for aggravated sexual assault. *Johnson v. Director, TDCJ-CID*, No. 5:18-cv-32-RWS-JBB. The petition was dismissed on June 8, 2020, based upon the expiration of the statute of limitations. *Id.* at Docket Nos. 20, 21. Petitioner appealed this dismissal, but the Fifth Circuit denied him a certificate of appealability on March 18, 2021. *Id.* at Docket No. 23.

On May 3, 2024, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Id.* at Docket No. 25. The motion was construed as a new habeas corpus petition and filed under the present case number. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). This new civil action, the above-captioned case, was referred first to United States Magistrate Judge J. Boone Baxter and then later to United States Magistrate Judge K. Nicole Mitchell, pursuant to 28 U.S.C. § 636.

Petitioner asserted that he received ineffective assistance of counsel in his previous case because his attorney failed to object to the jury charge and to request an instruction on consent. *See, e.g.*, Docket No. 1 at 6. He also asserted that the evidence was insufficient to support the conviction. *See, e.g., id.* at 12. In the present case, arising from his Rule 60(b) motion, Petitioner

contends that he was denied exculpatory DNA evidence, he was denied DNA testing of a third party who could have been the sole actor of the crime, counsel failed to investigate DNA evidence even though a person named Kristy Link, from the Texas Department of Public Safety, testified that there was a third DNA specimen from an unknown person collected from the alleged victim, and the evidence did not support forcible non-consensual intercourse. *See, e.g.*, *id.* at 7.

Respondent has answered the petition, arguing that it should be dismissed as successive because Petitioner has previously challenged this same conviction and has not secured permission from the Fifth Circuit to file a successive petition as required by 28 U.S.C. § 2244(b)(2). Docket No. 17. Petitioner has filed a response arguing that Respondent is "acting as a magistrate judge" and is "giving his own personal opinion" about his conclusions of law. Docket No. 19.

Petitioner cites the Court's order directing the filing of his petition as a new habeas petition and says that his claims rely on a showing of a factual predicate which could not have been previously discovered through the exercise of due diligence. *Id.* He says that his claims include assertions that the trial court erred by failing to order DNA testing after Link testified about the presence of an unknown third party's DNA, prosecutors withheld evidence concerning the DNA testing which would have shown the probability that another person was responsible for the offense, and he was denied his right to effective assistance of counsel when his attorney failed to object to the DNA results and failed to investigate the unidentified third party DNA results. *Id.* According to Petitioner, the facts underlying these claims would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would find him guilty beyond a reasonable doubt. *Id.*

As Magistrate Judge Mitchell observed, Petitioner appears to argue that although his previous petition was dismissed as barred by limitations, the Court's order directing the filing of

the new petition amounts to a finding of cause to proceed with his new claims. *See* Docket No. 21 at 2. He says that the Court has jurisdiction to investigate his claims and suggests the possibility that "an innocent man is being held unjustly." *Id.* at 3.

After review of the pleadings and record, Magistrate Judge Mitchell issued a Report and Recommendation, recommending that the petition be dismissed as successive. Docket No. 21. The magistrate judge stated that, according to the Supreme Court, a Rule 60(b) motion is considered a successive habeas corpus petition if it advances new grounds for relief or challenges the previous resolution of a claim on the merits. *Id.* at 1, 3 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). By contrast, if a Rule 60(b) motion does not challenge the substance of a resolution of a claim on the merits, but rather a defect in the integrity of the proceeding, then it is not a successive habeas petition. *Gonzalez*, 545 U.S. at 532. In *Gonzalez*, the Rule 60(b) motion challenged the applicability of the statute of limitations, and so the Supreme Court determined that it did not substantively address federal grounds for setting aside the conviction and thus was not a successive habeas petition. *Id.* at 535–536.

In the present case, the magistrate judge stated that Petitioner's Rule 60(b) motion expressly advanced new grounds for relief, raising claims about DNA and the alleged withholding of evidence that did not appear in the original petition. Docket No. 21 at 3. Consequently, the magistrate judge determined that Petitioner's present petition did qualify as a successive petition under *Gonzales*. *Id.*

Title 28 U.S.C. § 2244(b)(3) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. The magistrate judge observed that Petitioner does not allege, and the online records of the Fifth Circuit do not show, that

Petitioner has sought or received permission to file a successive petition. *Id.* at 4. Until Petitioner receives permission from the Fifth Circuit to file a successive petition, the magistrate judge stated that the district court lacks jurisdiction to consider such a petition. *Id.* (citing *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003)).

Although Petitioner argued that his claims rely on factual predicates that could not have been previously discovered and that the facts underlying these claims would show by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found him guilty, the magistrate judge stated that these are grounds which, if proven, could justify the granting of permission by the Fifth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(2); *In re Swearingen*, 556 F.3d 344, 346 (5th Cir. 2009). Because such permission has not been obtained, the magistrate judge recommended that the petition be dismissed. Docket No. 21 at 4.

Petitioner's objections to the magistrate judge's Report read, in their entirety, as follows:

> In response in the order requiring permission to file successive writ, Johnson respectfully submits order in civil action no. 5:18-cv-32-RWS-JBB, referred in civil action no. 5:25-cv-18, stating the issues and asking this court to refer to cause in motion for an order authorization to file a successive 28 U.S.C. § 2254 application. Thus in support the order of Rule 60(b) objection. Label A-1.

> Prayer: In the fairness of the court and interest of justice I seek justice to prove the innocence of a man that is not guilty and only pray to be afforded the opportunity to move forward in proceeding in good cause and good faith. 79.2(c) [sic].

Docket No. 24. Petitioner attaches a copy of the Court's order in Case No. 5:18-cv-32-RWS-JBB, explaining that his Rule 60(b) motion is actually a successive petition and directing the Clerk to file it under a new case number.

The fact that the Court designated Petitioner's Rule 60(b) motion as a successive petition, in keeping with *Gonzalez*, and ordered that the motion be filed as a separate civil action does not eliminate or evade the rules governing successive petitions. Petitioner is still required to obtain

permission from the Fifth Circuit in order to pursue a successive petition, and the district court lacks jurisdiction to consider a successive petition before such permission is received. Because Petitioner has not received permission from the Fifth Circuit to pursue a successive petition, the magistrate judge correctly recommended that the petition be dismissed, and Petitioner's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 24) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. It is further

**ORDERED** that a certificate of appealability is denied *sua sponte*, with the denial of such certificate referring only to an appeal of this case and having no effect upon Petitioner's right to seek permission to file a successive petition or to pursue such a petition once permission is received.

So **ORDERED and SIGNED** this 19th day of March, 2026.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE